UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| WESTPORT HOLDINGS TAMPA, LIMITED PARTNERSHIP, | Case No. 8:16-bk-8167-MGW |
| WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP, | Case No. 8:16-bk-8168-MGW |
| Debtors. | *Jointly Administered under Case No. 8:16-bk-8167-MGW* |
| _____/ | |

**DEBTORS' JOINT CHAPTER 11 CASE MANAGEMENT SUMMARY**

WESTPORT HOLDINGS TAMPA, L.P. ("**Holdings**"), and WESTPORT HOLDINGS TAMPA II, L.P. ("**Holdings II**") (collectively the "**Debtors**"), by and through their undersigned attorneys, pursuant to Local Rule 2081-1, hereby file this Chapter 11 Case Management Summary (the "**Summary**"). For its Summary, the Debtors state the following:

**Introduction**

On September 22, 2016 (the "**Petition Date**"), the Debtors filed their Voluntary Petitions for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). Pursuant to an order of this Court, the cases are being jointly administered for procedural purposes only.

**Case Management Items**

**I. Description of the Debtors' Business**

The Debtors own and operate "University Village," one of Tampa's most established Continuing Care Retirement Communities (CCRC's). University Village operates under the

"continuing care" concept. Residents enter into a residency and care agreement with Holdings which requires payment of a one-time entrance fee (either prospective or deferred) and a monthly service fee. Generally, payment of these fees entitles residents to the use and privileges of the Villages for life but does not entitle the residents to an interest in the real estate or any property owned by Holdings.

Holdings was organized in Delaware and registered to transact business in the State of Florida in October 2000. IMH Healthcare, LLC ("**IMH**") is the sole general partner of Holdings and Holdings II. On April 1, 2014 the entire outstanding limited partnership interests of the Debtors were acquired by four limited liability companies. Those limited liability companies are BVM University Village, LLC; IMH Healthcare, LLC; JF Consultants, LLC; and BHMS GP ILF, LLC. BHMS GP ILF, LLC has since assigned its interests to JF Consultants, LLC, leaving three limited partners as of the Petition Date.

Holdings owns and operates University Village (the "**Village**"), an independent living facility, containing 446 apartments. Apartments are located in two buildings. The east building was constructed in 1991 and has 144 units. The west building was constructed in 1994 and has 302 units. The two buildings are connected by a common building.

Holdings II owns the Independent Living Villas, which are commonly known as the Retirement Center at University Villages (the "**Retirement Center**"). The Retirement Center consists of 23 duplex buildings (46 units) and includes a dedicated clubhouse.

## II. Location of Debtor's Operations and Whether Leased or Owned

The Debtors own the University Village campus. The University Village campus sits on approximately 33 acres, and is located at 12401 North 22nd Street in Tampa, Hillsborough

County, Florida. The total square footage of the buildings on the University Village campus is approximately 833,218 square feet.

### III. Reasons for Filing Chapter 11

The Debtors' chapter 11 filings were necessitated by litigation with the Office of Insurance Regulation ("**OIR**"). The OIR issued the order on February 13, 2015, which barred University Village from signing up new residents. The OIR then initiated a receivership action styled *State of Florida, ex rel., the Department of Financial Services of the State of Florida V. Westport Holdings Tampa, Limited Partnership, d/b/a University Village*, Case No. 2015-CA-000585 in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida (the "**Receivership Action**"). The Debtors have attempted to negotiate a settlement or dismissal of the Receivership Action, including (without limitation) proposing the potential sale of the facilities to purchasers of substance as well as management control alternatives using companies acceptable to the OIR. The Debtors have been unable to reach a resolution that would have allowed a consensual sale process.

In order to avoid the costs and expenses of a trial in the Receivership Action and to facilitate the sale of the Village and the Retirement Center, the Debtors filed these chapter 11 cases. The value of the underlying assets is sufficient to pay all claims in full from the sale proceeds, with the potential to leave all classes unimpaired or, at the very least, treat every claim and class in a fair and equitable fashion.

### IV. List of Officers and Directors and Their Salaries and Benefits at Time of Filing and During the One Year Prior to Filing

IMH receives approximately $6,200 per week as total compensation.

### V. Debtor's Annual Gross Revenues

The Debtors' gross revenues for the year ending December 31, 2014 were approximately $15,000,000 million.

### VI. Amounts Owed to Various Classes of Creditors

The Debtors owe the following creditors:

**Secured Claims:**

CPIF Lending, LLC ("**CPIF**") is a secured creditor by virtue of mortgages against and liens on the assets of Holdings and Holdings II. On the Petition Date, the Debtor owed CPIF approximately $9,500,000.

**Priority Claims:**

With the exception of employee wage claims discussed below, the Debtors are not aware of any priority claims.

**Unsecured Claims:**

The Debtors owe amounts to various creditors. The contingent entrance fee contract liability totals approximately $28,000,000, although the vast majority of these claims are not mature. The sum of $8,396,523 is owed to parties whose refund claims have matured. Certain residents loaned money to the Debtors under a personal income protection program ("**PIP**"). PIP obligations total approximately $9,515,000. The Debtors owes approximately $1 million to trade creditors.

The Debtors reserve all rights, claims, and remedies with respect to the claims asserted by creditors.

### VII. General Description and Approximate Value of the Debtor's Current and Fixed Assets

The Debtors' assets consist primarily of the University Village campus, cash, accounts receivable (the substantial majority of which is paid on a current basis), goodwill, and office furniture and equipment.

### VIII. Number of Employees and Amount of Wages Owed as of Petition Date

As of the Petition Date, the Debtors employed approximately 150 full and part time staff members. The Debtors owed employees for three days of service provided before the Petition Date. The amounts owed are discussed in the Debtors' wages motion.

### IX. Status of Debtor's Payroll and Sales Tax Obligations

Prior to the Petition Date, the Debtors were current with their payroll and sales taxes obligations.

### X. Anticipated Emergency Relief Within 14 Days of Petition Date

The Debtors anticipate filing, or have filed, the following pleadings requesting emergency relief within 14 days of the Petition Date:

1. Debtors' Emergency Motion to Approve Use of Cash Collateral.
2. Debtors' Emergency Motion to Pay Prepetition Wages.

### XI. Strategic Objectives

The Debtors intend to reorganize for the benefit of holders of allowed claims by paying such claims from the proceeds received from the sale of the Debtors' assets.

WHEREFORE, the Debtors respectfully submit this as their Case Management Summary.

/s/ Stephen R. Leslie
Scott A. Stichter (FBN 0710679)
Stephen R. Leslie (FBN 000349)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
(813) 229-0144 – Phone
(813) 229-1811 – Fax
sstichter@srbp.com
sleslie@srbp.com
Attorneys for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on this 22nd day of September, 2016 by either the Court's CM/ECF electronic mail system or by E-mail to:

United States Trustee

CPIF Lending, LLC
c/o Traci Rollins, Esquire
traci.rollins@squirepb.com

/s/ Stephen R. Leslie
Stephen R. Leslie