UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WESTPORT HOLDINGS TAMPA LIMITED PARTNERSHIP, | Case No: 8:16-bk-08167-MGW |
| WESTPORT HOLDINGS TAMPA II LIMITED PARTNERSHIP, | Case No: 8:16-bk-08168-MGW |
| | *Jointly Administered under Case No: 8:16-bk-08167-MGW* |
| Debtors._____/ | |

**JOINT MOTION TO FIX EXTENDED BAR DATE FOR
FILING PROOFS OF CLAIM BY CURRENT RESIDENTS OF UNIVERSITY VILLAGE**

Westport Holdings Tampa Limited Partnership and Westport Holdings Tampa II Limited Partnership (collectively, the "Debtors") and the University Village Life Care Residents' Legal Protection Ad-Hoc Committee (the "Resident Committee" and together with the Debtors, the "Movants"), by their respective counsel, pursuant to Bankruptcy Rule[1] 3003(c)(3), request the entry of an order extending the claims bar date for filing proofs of claim by claimants who currently reside at University Village and are parties to University Village Life-Care Residency and Care Contracts (a "Life-Care Contract") with Westport Holdings Tampa Limited Partnership (a "Current Resident") for an additional sixty days, through and including March 10, 2017. In support of this motion (the "Motion"), the Movants state as follows:

---

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* All references to a "Bankruptcy Rule" or the "Bankruptcy Rules" are to the applicable rule of the Federal Rules of Bankruptcy Procedure.

**Factual Background**

1.      This Court has jurisdiction of this motion pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334.  Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      On September 22, 2016 (the "Petition Date"), the Debtors filed their voluntary petitions under chapter 11 of the Bankruptcy Code.

3.      On September 23, 2016, the Court entered its *Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines* (Doc. No. 14), which established January 9, 2017, as the last day for non-governmental entities to file proofs of claim (the "Claims Bar Date").

4.      The Resident Committee is comprised of a number of members of the University Village Residents' Association who reside at University Village and are dedicated to preserving and protecting their investment in University Village and the culture of University Village.  While not all of the Current Residents are members of the Resident Committee, there are over 400 Current Residents at University Village.  The Current Residents and the former residents appear to be the largest creditors of the Debtors.

5.      The University Village campus consists of an independent living facility ("ILF"), and through affiliates, an assisted living facility ("ALF"), and a skilled nursing facility ("SNF").  Residents of University Village who enter a Life-Care Contract, pay a substantial entrance fee, and make all required monthly payments are entitled to live in the ILF as long they are physically able, and then move into the ALF and/or SNF as their health and care needs may dictate.

6.      On October 19, 2016, the Debtors filed their *Schedules* and *Statement of Financial Affairs* (Doc. No. 91).  The majority of the Current Residents were not listed

individually as creditors on Schedule E/F, nor were any of the Current Residents listed individually as counterparties to executory contracts on Schedule G.

7. The primary objective of the Debtors' chapter 11 bankruptcy cases is to facilitate a sale of the Debtors' assets, which include the ILF, in addition to the ALF and SNF, which are presently owned by a non-debtor affiliate, Westport Nursing, LLC. Since the Petition Date, the Debtors have worked to solicit a number of potential buyers for University Village.

8. On October 31, 2016, the Debtors filed the *Debtors' Emergency Motion for entry of an Order (I) Approving Bidding Procedures in Connection with the Sale of Debtors' Assets; (II) Approving Overbid Amounts and Stalking Horse Protection Fee; (III) Approving Form and Manner of Notice of Bidding Procedures; and (IV) Setting Objection Deadlines* (Doc. No. 118) (the "Bid Procedures Motion") and the *Debtors' Motion for Entry of an Order Authorizing (I) the Sale of Debtors' Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers, and (II) Authorizing the Assumption and Assignment of Contracts* (Doc. No. 119) (the "Sale Motion"). A letter of intent from Skyline HealthCare, LLC ("Skyline") was attached to the Sale Motion. The Debtors subsequently filed a letter of intent from A+ Operating LLC ("A+ Operating"). (Doc. No. 126).

9. At the hearing on November 2, 2016, the Court approved Skyline as the stalking horse bidder and A+ Operating as the back-up stalking horse bidder, in addition to approving the bidding procedures. On November 16, 2016, the Court entered an order granting the Bid Procedures Motion, which provided that the Court would enter a further order establishing procedures with respect to the process for the assumption of the Life-Care Contracts (the "Resident Assumption Procedures"). (Doc. No. 146).

10. Subsequently, Skyline withdrew its offer to purchase substantially all of the Debtors' assets. While A+ Operating is willing to serve as the stalking horse, the deadlines and milestones for the sale process will need to be adjusted and will hopefully culminate with a sale hearing in early January 2017.

11. The letters of intent submitted by A+ Operating contemplates the assumption of the Life-Care Contracts and all obligations to Current Residents. In connection with the assumption of the Life-Care Contracts and other obligations to Current Residents, the Debtors and the Resident Committee intend to work cooperatively to gather information regarding the amount of each Current Residents' initial entrance deposit (an "IED") and to what extent the IED is refundable. In addition, a number of the Current Residents have entered addendums to the Life-Care Contracts which provide for additional deposits through the Personal Income Protection Plan (a "PIP Deposit").[2] The Debtors will also work with the Resident Committee to compile a report detailing the balance of Current Residents' PIP Deposits and the status of any refund requests.

12. The Resident Committee anticipates further collaboration with the Debtors with respect to developing and implementing a procedure for the Current Residents to determine whether they are in agreement with the Debtors' records as to the balance of the IEDs and PIP Deposit and the extent to which such amounts are refundable.

**Relief Requested**

13. As the sale process and the Resident Assumption Procedures may eliminate the need for individual Current Residents to file proofs of claim, at least with respect to the Resident

---

[2] All existing liabilities of the Debtors to the residents for IED refund obligations, refunds of PIP Deposits, and other obligations under the Life-Care Contracts shall be referred to collectively as the "Resident Obligations."

Obligations, the Movants request that this Court extend the Claims Bar Date for the Current Residents for an additional sixty days, through and including March 10, 2017.[3]

14. Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Due to the fact that the Bankruptcy Code does not define the term "for cause," the Eleventh Circuit recently defined the term by reference to its ordinary meaning, as an "adequate or sufficient reason." *Piazza v. Nueterra Healthcare Physical Therapy, LLC (In re Piazza)*, 719 F.3d 1253, 1261 (11th Cir. 2013).

15. Here, there is an "adequate or sufficient" reason to grant the requested extension, as the Resident Assumption Procedures and sale process may obviate the need for the Current Residents to file proofs of claim if the Life-Care Contracts are assumed by the purchaser or any cure claims associated with the Life-Care Contracts or Resident Obligations are addressed through the Resident Assumption Procedures.

16. To avoid a situation where over 400 Current Residents feel compelled to file a proof of claim due to the proximity of the sale hearing to the Claims Bar Date and the intervening holidays and consume both their own limited resources and those of the Court, the Debtors, and other interested parties in so doing, the Resident Committee believes the interests of the Current Residents and all parties involved in these chapter 11 cases will be better served by addressing the Current Residents' claims through the assumption process contemplated by the Bid Procedures Order. An extension of the Claims Bar Date for Current Residents will allow the Current Residents to focus on the sale process without prejudicing their rights to file a claim in the future, in the event the sale process does not yield a satisfactory result.

---

[3] The Motion seeks an extension of the Claims Bar Date with respect to any and all claims that a resident may desire to assert against the Debtors, and the request for relief is not limited to "cure claims" or claims arising from the Resident Obligations.

17. Neither the Debtors nor other parties in interest will be prejudiced by the relief requested by this Motion, as the extension of the Claims Bar Date will facilitate a smoother sale process and minimize the need for the Debtors to review and possibly object to proofs of claim that are filed by Current Residents if such claims are addressed through the sale of University Village.

WHEREFORE, the Movants respectfully request that the Court enter an order (i) granting this Motion, (ii) extending the Claims Bar Date, but only as to the Current Residents, through and including March 10, 2017, and (iii) granting such other and further relief as the Court deems appropriate.

DATED this 5th day of December, 2016.

/s/ Scott A. Stichter
Scott A. Stichter
Florida Bar No. 0710679
**Stichter Riedel Blain & Postler, P.A.**
110 East Madison Street, Suite 200
Tampa, FL 33602
Telephone: (813) 229-0144
Email:  sstichter@srbp.com
*Counsel for the Debtors*

-and-

/s/ Kathleen L. DiSanto
David S. Jennis
Florida Bar No. 775940
Kathleen L. DiSanto
Florida Bar No. 058512
**Jennis Law Firm**
400 N. Ashley Dr., Ste. 2540
Tampa, FL 33602
Telephone: (813) 229-2800
Facsimile: (813) 229-1707
Email:  kdisanto@jennislaw.com
*Counsel for the University Village Life Care Residents' Legal Protection Ad-Hoc Committee*

**Filer's Attestation**

Pursuant to Local Rule 9011-4(d) regarding signatures, Scott A. Stichter attests that the concurrence in the filing of this paper has been obtained.

        */s/ Scott A. Stichter*
        Scott A. Stichter

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct of the foregoing Motion will be furnished on December 6, 2016, by either the Court's CM/ECF system or by U.S. Mail to the 1007-2 Parties in Interest Matrix, attached hereto.

        */s/Scott A. Stichter*
        Scott A. Stichter

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:16-bk-08167-MGW<br>Middle District of Florida<br>Tampa<br>Mon Dec  5 17:22:41 EST 2016 | A+ Operating LLC<br>c/o Scott M. Grossman, Esq.<br>401 East Las Olas Blvd., Suite 2000<br>Fort Lauderdale, FL 33301-4223 | Airtech<br>Po Box 1120<br>Zephyrhills, FL 33539-1120 |
| Angela Pusateri<br>12401 N. 22nd Street<br>Tampa, FL 33612-4670 | Anne Schroedl Page<br>Estate of William Schroedl<br>c/o Watkins Law Firm, P.A.<br>707 N. Franklin St.<br>Ste. 750<br>Tampa, FL 33602-4423 | Bernice Greenspan<br>5807 Old Pasco Road<br>Wesley Chapel, FL 33544-5300 |
| Bright House Networks<br>P.O. Box 31710<br>Tampa, FL 33631-3710 | CPIF Lending, LLC<br>c/o Traci H. Rollins<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, FL  33401-6198 | Clifton Larson Allen<br>Attn: A/R - Orlando #76<br>141 Avenue C SW, Suite 160<br>Winter Haven, FL 33880-3214 |
| Darrell & Elizabeth Ballard<br>200 Lake Ave NE Apt 121<br>Largo, FL 33771-1656 | Doris Wheeler<br>726 W Wood Circle<br>Brandon, FL 33511-5865 | Dr. Leroy and Linda Shear<br>c/o Shutts & Bowen LLP<br>4301 W. Boy Scout Blvd.<br>Suite 300<br>Tampa, FL 33607-5716 |
| E Bs Painting & Services, LLC<br>7212 Donald Ave<br>Tampa, FL 33614-4024 | Eclipse Internet, Inc<br>100 Ashford Circle N., #110<br>Atlanta, GA 30338-3025 | Estate of Norma C. Sherwood<br>c/o Patti W. Halloran, Esq.<br>Gibbons Neuman<br>3321 Henderson Blvd.<br>Tampa FL 33609-2921 |
| Express Services, Inc.<br>Po Box 535434<br>Atlanta, GA 30353-6220 | FP Property Restoration<br>c/o Paul A. Giordano<br>2320 First Street, Suite 1000<br>Fort Myers, Florida 33901-2904 | First Insurance Funding Inc.<br>450 Skokie Blvd Ste 100<br>Northbrook, IL 60062-7917 |
| Florida Department of Financial Services<br>Attn: Compliance Section<br>PO Box 6350<br>Tallahassee, FL 32314-6350 | Florida Department of Financial Services<br>c/o Christopher Lunny, Esquire<br>Radey Law Firm<br>P.O. Box 10967<br>Tallahassee, Florida 32302-2967 | Florida Office Of Insurance Regulation<br>c/o Shaw P. Stiller<br>    Chief Asst. General Counsel<br>200 East Gaines Street<br>Tallahassee, Florida 32399-4206 |
| Florida Office of Insurance Regulation<br>200 East Gaines St., Rm 645.2<br>Tallahassee, FL 32399-4206 | Geiger<br>c/o William M Lindeman Esq<br>PO Box 3506<br>Orlando, FL   32802-3506 | HD Supply<br>P. O. Box 509058<br>San Diego, CA 92150-9058 |
| JOHN R. WILHELM TRUST<br>JAMES W. ELLIOTT, ESQ.<br>McIntyre Thanasides Bringgold et al.<br>500 E. Kennedy Blvd., Ste. 200<br>Tampa, Florida 33602-4936 | James Stocking<br>330 Williamsburg Drive<br>Avon Lake, OH 44012-2618 | Jed & Sandra Sprague<br>327 Palo Alto Place<br>Kissimmee, FL 34759-3615 |
| Jeffrey W. Warren as Examiner<br>c/o Bush Ross, P.A.<br>Attn: Jeffrey W. Warren, Esq.<br>PO Box 3913<br>Tampa, FL 33601-3913 | John & Alice Falkenham<br>6320 Wilver Lakes Drive W<br>Lakeland, FL 33810 | John Wilhelm<br>2553 3rd Ave W #307<br>Owen Sounds  Ontario  N4K-6TE<br>CANADA |

| | | |
|---|---|---|
| Lamn, Krielow, Dytrych & Co<br>500 University Blvd<br>Suite #215<br>Jupiter, FL 33458-2775 | Lee & Linda Shear<br>5988 Ropes Drive<br>Cincinnatti, OH 45244-3833 | Lucianna Walker<br>C/O Duane Walker<br>10671 South West 23rd Ct.<br>Davie, FL 33324-6300 |
| Manasota Flooring, Inc.<br>4551 N Washington Blvd<br>Sarasota, FL 34234-2130 | Mary Boze<br>4100 E Fletcher Ave<br>Tampa, FL 33613-4864 | Mary Louise Silver<br>1625 Greenbrook Ct<br>Mobile, AL 36609-5209 |
| Masterpiece Living<br>11360 North Jog Road<br>Suite 102<br>Palm Beach Gardens, FL 33418-1750 | Muriel Upton<br>108 Travis Dr.<br>Georgetown, TX 78633-5118 | Myra Bishop<br>2567 2nd Ave<br>San Diego, CA 92103-6503 |
| Norma Valdes<br>2831 Timber Knoll Drive<br>Valrico, FL 33596-5665 | Novum Management Group<br>17901 Hunting Bow Circle, #102<br>Lutz, FL 33558-5394 | Robert Melvin<br>5103 S Everett St<br>Littleton, CO 80123-2107 |
| SCM Speciality Finance Opportunities<br>Fund LP<br>Two Greenwich Plaza, 1st Floor<br>Greenwich, CT 06830-6390 | Saroja Siddarth<br>3300 Darby Road, Apt. 7205<br>Haverford, PA 19041-7711 | Seiu National Industry Pension Fund<br>P.O. Box 841967<br>Boston, MA 02284-1967 |
| Skyline HealthCare, LLC<br>c/o Robert A. Soriano, esq<br>4830 West Kennedy Blvd<br>Suite 600<br>Tampa, FL 33609-2584 | State of Florida, FL Dept of Fin. Svcs.<br>Christopher B. Lunny Radey Law Firm<br>Post Office Box 10967 (32302)<br>301 South Bronough Street, Suite 200<br>Tallahassee, Florida 32301-1722 | TALF, Inc.<br>PO Box 501188<br>Indianapolis, IN 46250-6188 |
| TR & SNF, Inc.<br>PO Box 501188<br>Indianapolis, IN 46250-6188 | Tampa Electric<br>c/o Intuition Systems, Inc.<br>4700 140 Ave N., Ste # 106<br>Clearwater, FL 33762-3847 | Team Construction Services, LLC<br>4524 Floramar Terrace<br>New Port Richey, FL 34652-3316 |
| The Home Depot - Northgate #279<br>Po Box 183176<br>Columbus, OH 43218-3176 | Thomas Allensworth<br>12708 Summit Street<br>Tampa, FL 33612-4059 | US Foodservice<br>P.O. Box 281841<br>Atlanta, GA 30384-1481 |
| USAmeriBank<br>c/o Edmund S. Whitson, III<br>201 N. Franklin St., Suite 3200<br>Tampa, FL 33602-5872 | University Village Life Care Residents'<br>Protection Ad-Hoc Committee<br>c/o Jennis Law Firm<br>400 N. Ashley Dr., Suite 2540<br>Tampa, FL 33602-4317 | Westport Nursing Tampa, LLC<br>c/o Michael C. Markham, Esq.<br>Johnson Pope Bokor Ruppel & Burns, LLP<br>403 E. Madison Street, Suite 400<br>Tampa, FL 33602-4614 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Illyce D. Mendelsohn and Ronald Greenspan,
Co-Trustees of the Bernice Greenspan
Irrevocable Trust dated August 21, 1985,
c/o Patrick M. Mosley, Hill Ward Henders
101 E Kennedy Blvd., Ste 3700, Tampa, FL

(u)University Village Life Care Residents'

End of Label Matrix
Mailable recipients    56
Bypassed recipients     2
Total                  58