UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                        Chapter 11

WESTPORT HOLDINGS TAMPA,                      Case No. 8:16-bk-8167-MGW
LIMITED PARTNERSHIP,

WESTPORT HOLDINGS TAMPA                       Case No. 8:16-bk-8168-MGW
II, LIMITED PARTNERSHIP,
                                              *Jointly Administered under*
               Debtors.                       *Case No. 8:16-bk-8167-MGW*
_____/

**DEBTORS' EMERGENCY MOTION FOR AUTHORITY
TO OBTAIN POST-PETITION FINANCING FROM US
LIFESTYLES, LLC TO FUND DOWNPAYMENT FOR
INSURANCE, TO GRANT JUNIOR LIENS ON CERTAIN ASSETS,
ADMINISTRATIVE EXPENSE STATUS, AND TO GRANT OTHER RELIEF**

| **STATEMENT OF RELIEF REQUESTED** |
|---|
| The Debtors seek authority to borrow money to fund the downpayment required under insurance premium financing.  The liens proposed to be granted would be junior liens on all property encumbered by existing and valid liens on the Debtors' property.  The Motion seeks to have the liens granted pursuant to any financing approved by this Court to be deemed perfected without the need for any further filings. |

WESTPORT HOLDINGS TAMPA LIMITED PARTNERSHIP ("**Holdings**")

and WESTPORT HOLDINGS TAMPA II, LIMITED PARTNERSHIP ("**Holdings II**"

and collectively with Holdings, the "**Debtors**"), by and through their undersigned

attorneys, pursuant to 11 U.S.C. §364(c) and (d) and Rule 4001(c) of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), move this Court to enter an interim

and final order:

A.      Authorizing the Debtors to borrow on a secured basis from US Lifestyles, LLC (the "**DIP Lender**") the maximum amount of Two Hundred Forty-Eight Thousand Ninety Four and 11/100 Dollars ($248,094.11) (the "**DIP Loan**") with interest accruing at the rate of four percent (4%) per annum (the "**DIP Facility**"), substantially in accordance with the terms of this Motion (this "**Motion**")[1] and collectively with the other documents evidencing the DIP Loan (as amended, supplemented, or otherwise modified), the "**DIP Loan Documents**");

B.      Authorizing the Debtors to execute the DIP Loan Documents;

C.      Authorizing the Debtors, under § 364 of the Bankruptcy Code, to obtain post-petition financing and incur post-petition financing under the DIP Facility, which financing and indebtedness due and owing thereunder by the Debtors to the DIP Lender shall be secured by a junior lien on and security interests in all encumbered property of the Debtors (the "**Collateral**") under the terms set forth in the DIP Loan Documents;

D.      Modifying the automatic stay under 11 U.S.C. § 362 to the extent set forth in the DIP Loan Documents; and

E.      Granting the Debtors such other and further relief as the Court deems necessary, appropriate, equitable, proper and consistent.  In support of the Motion, the Debtors would show:

<u>**Jurisdiction and Venue**</u>

1.      This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334.  The subject matter of the Motion is a core proceeding pursuant to 28

---

[1]  The Debtors and the DIP Lender may enter into a DIP loan agreement.

U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought in the Motion include 11 U.S.C. § 364(c) and (d) and Bankruptcy Rule 4001(c).

### Background

2.     On September 22, 2016, the Debtors filed their Voluntary Petitions for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3.     Pursuant to an order of this court dated September 22, 2016, the Debtors' Chapter 11 cases are being jointly administered for procedural purposes only under *In re: Westport Holdings Tampa, L.P.,* Case No. 8:16-bk-8167-MGW.

4.     The Debtors own and operate "University Village," one of Tampa's most established Continuing Care Retirement Communities ("**CCRC**"). As a CCRC, the Debtors provide "lifecare" services to its residents, which recognize that the healthcare and residency needs vary along a continuum from independent living to full-time nursing care.

5.     Holdings owns and operates University Village (the "**Village**"), an independent living facility, containing 446 apartments. Under the "continuing care" concept, residents enter into a residency and care agreement with Holdings which requires payment of a one-time entrance fee (either prospective or deferred) and a monthly service fee. Generally, payment of these fees entitles residents to the use and privileges of the Village for life, but does not entitle the residents to an interest in the real estate or any property owned by Holdings.

6.    Holdings II owns the Independent Living Villas, which are commonly known as the Retirement Center at University Villages (the "**Retirement Center**").  The Retirement Center consists of 46 apartments and condominium units clustered within a neighborhood of duplex buildings and includes a dedicated clubhouse.

## Pre-Petition Debt Structure

7.    Prior to the Petition Date, CPIF Lending, LLC ("**CPIF**") loaned money to the Debtors.  The obligations owed to CPIF are secured by mortgages on and security interests in real and personal property owned by the Debtors.

8.    After the Petition Date, the Debtors borrowed funds from USAmeriBank, which is secured by junior liens on real and personal property owned by the Debtors.

## Identity of the Proposed DIP Lender

9.    The DIP Lender is an Indiana limited liability company.  Rebecca Bartle has an interest in one of the Debtors' limited partners and also has an interest in the DIP Lender.  John Bartle, Rebecca Bartle's husband, is also an officer and member of the DIP Lender.

## Uses of Funds

10.   The DIP Lender has agreed to make funds available to the Debtors to allow the Debtors to fund the down payments required under insurance premium financing.

11.   If the Debtors are unable to obtain financing, they will not be able to maintain insurance.  The failure to maintain insurance would have a material adverse

effect on the value of the Debtors' assets.  It is in the best interest of all parties that the

Debtors continue to operate.

### Terms of the DIP Loan[2]

12.    The provisions governing the DIP Loan are summarized and set forth as

follows:

    (a)    Amount of the DIP Loan:  The DIP Loan shall be in the maximum amount of Two Hundred Forty-Eight Thousand Ninety-Four Dollars and 11/100 ($248,094.11), which shall be paid directly to the company financing the insurance.

    (b)    Interest Rate:  The non-default rate of interest for the DIP Loan shall be four percent (4%) per annum.  Default interest shall be eight percent (8%) per annum.

    (c)    Finance Fee:  None.

    (d)    Repayments:    The Debtors shall make interest only payments until the DIP Loan matures.  All amounts owed to the DIP Lender shall be due and payable upon maturity. The Debtors may repay the DIP Loan in whole or in part from excess cash.

    (e)    Term and Termination:  The termination date for the DIP Loan shall be a sale of the Debtors' assets.

    (f)    Liens:  The Debtors' obligation to repay the DIP Lender under the terms of the DIP Loan Documents shall be accorded and secured by a junior priority lien and security interests in all assets encumbered by valid, pre-petition liens (collectively, the "**Liens**").

    (g)    Administrative Claims:  The Debtors' obligations to repay the DIP Lender under the terms of the DIP Loan shall be accorded administrative expense status pursuant to §364(b) of the Bankruptcy Code, superior.

---

[2]  The Motion attempts to summarize the terms of the DIP Loan Documents.  In the event of a conflict between the terms of the DIP Loan Documents and the Motion, the terms of the DIP Loan Documents shall control.

(h)   <u>Events of Default</u>:  The DIP Loan Documents contain standard default provisions as events of default, including (i) the failure to pay the DIP Loan in full, with interest, by the end of the Maturity Date.

## **Relief Requested**

13.    The Debtors hereby request authority, pursuant to §§ 364(b) and 364(c)(3) of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, to obtain post-petition loans, advances and other financial accommodations from the DIP Lender in the amount up to $248,094.11.

14.    The DIP Financing will be secured by a junior lien on and security interests in all assets encumbered by valid, pre-petition liens.

15.    The Debtors request that the Liens shall be enforceable against the Debtors and shall be deemed to be properly perfected without the need to record additional documents in the public records.   This Motion further requests that the advances under this order shall be deemed to be obligations of the Debtors without the need to prepare promissory notes.

16.    As additional assurance that the DIP Facility will be repaid, the DIP Lender will be granted and allowed administrative expense claim in accordance with § 364(b) of the Bankruptcy Code.

17.    The Debtors believe that the financing described herein is in its best interest and the best interest of the Debtors and their creditors.  The Debtors' access to the financing described herein will allow the Debtors to continue to operate.  Absent this financing, the Debtors will cease to operate.

18.     The Debtors are presently unable to obtain, in the ordinary course of business or otherwise; pursuant to §§ 364(a) or 364(b) of the Bankruptcy Code, unsecured credit (including, without limitation, unsecured trade credit) allowable under § 503(b)(1) of the Bankruptcy Code as an administrative expense.

19.     After considering all of the alternatives, the Debtors have concluded, in the exercise of their business judgment, that the financing to be provided under the terms of this Motion represents the best financing available to the Debtors and is in the best interest of the Debtors, their creditors and other parties in interest.

20.     Good cause has been shown for the entry of an order granting this Motion pursuant to Bankruptcy Rule 4001(c)(2).  In particular, entry of the order is in the best interest of the Debtors and their business and their ability to continue to operate as a going concern.

21.     The DIP Lender and the Debtors have negotiated the terms and conditions of the DIP Facility in good faith and at arm's-length, and the terms and conditions of the DIP Loan Documents are fair and reasonable and are supported by reasonably equivalent value.  The Debtors request that this Court find that any credit extended by the DIP Lender pursuant to the terms of the DIP Loan Documents will have been extended in "good faith" (as that term is used in § 364(e) of the Bankruptcy Code).

22.     Compelling circumstances support the granting of the requested relief.

WHEREFORE, the Debtors respectfully request that this Court enter a final order (a) granting this Motion; (b) authorizing the Debtors to borrow up to $248,094.11 as set

forth herein and under the terms of the DIP Loan Documents; and (c) providing such other and further relief as is just and proper.

> /s/ *Scott A. Stichter*
> Scott A. Stichter (FBN 0710679)
> Stichter Riedel Blain & Postler, P.A.
> 110 East Madison Street, Suite 200
> Tampa, Florida  33602
> (813) 229-0144 – Phone
> (813) 229-1811 – Fax
> sstichter@srbp.com
> Attorneys for the Debtors

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Debtors' Emergency Motion for Authority to Obtain Post-Petition Financing from US Lifestyles, LLC to Fund Downpayment for Insurance, to Grant Junior Liens on Certain Assets, Administrative Expense Status, and to Grant Other Relief has been furnished on this 2nd day of April, 2018, by either the Court's CM/ECF system or U.S. Mail to:

Office of the U.S. Trustee

1007-2 Parties in Interest

US Lifestyles, LLC
ATTN:  Rebecca J. Bartle
P.O. Box 501398
Indianapolis, IN  46250

> /s/ *Scott A. Stichter*
> Scott A. Stichter

12999.2006929

Label Matrix for local noticing
113A-8
Case 8:16-bk-08167-MGW
Middle District of Florida
Tampa
Mon Apr  2 12:19:53 EDT 2018

A+ Operating LLC
c/o Scott M. Grossman, Esq.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301-4223

AirTech
Po Box 1120
Zephyrhills, FL 33539-1120

Angela Pusateri
11714 Lake Aston Ct., #303
Tampa, FL 33626-3129

Anne Schroedl Page
Estate of William Schroedl
c/o Watkins Law Firm, P.A.
707 N. Franklin St.
Ste. 750
Tampa, FL 33602-4423

Anthony & Partners, LLC
c/o John A Anthony, Esq
201 N Franklin Street, Suite 2800
Tampa, FL 33602-5816

Anthony & Partners, LLC
c/o John A. Anthony, Esq.
201 N. Franklin Ave, Suite 2800
Tampa, Florida 33602-5816

Bernice Greenspan
5807 Old Pasco Road
Wesley Chapel, FL 33544-5300

Bright House Networks
P.O. Box 31710
Tampa, FL 33631-3710

Broad and Cassel
215 S. Monroe Street Suite 400
Tallahassee, FL 32301-1804

CNH Finance Fund I, L.P.
fka SCM Speciality Finance Opportunities
Fund LP
Two Greenwich Plaza, 1st Floor
Greenwich, CT 06830-6390

CPIF Lending, LLC
c/o Traci H. Rollins
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL  33401-6198

Charles L. Weissing, Trustee for the
Dennis Weissing Trust
21432 Morning Mist Way
Land O Lakes, FL 34637-7624

Clifton Larson Allen
Attn: A/R - Orlando #76
141 Avenue C SW, Suite 160
Winter Haven, FL 33880-3214

Commercial Laundries of West Florida, Inc.
Steven M. Berman Esq.,
c/o Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd, Suite 2800
Tampa, FL 33602-5150

Darrell & Elizabeth Ballard
200 Lake Ave NE Apt 121
Largo, FL 33771-1656

Doris Wheeler
726 W Wood Circle
Brandon, FL 33511-5865

Doug Belden
Hillsborough County Tax Collector
Attn: Brian T. FitzGerald, Esq.
PO Box 1110
Tampa, FL 33601-1110

Dr. Leroy and Linda Shear
c/o Shutts & Bowen LLP
4301 W. Boy Scout Blvd.
Suite 300
Tampa, FL 33607-5716

E Bs Painting & Services, LLC
7212 Donald Ave
Tampa, FL 33614-4024

Eclipse Internet, Inc
100 Ashford Circle N., #110
Atlanta, GA 30338-3025

Elizabeth Currey
c/o Carolyn Murray
5561 Legend Hills Lane
Spring Hill, FL 34609-9506

Estate of Norma C. Sherwood
c/o Patti W. Halloran, Esq.
Gibbons Neuman
3321 Henderson Blvd.
Tampa FL 33609-2921

Express Services, Inc.
Po Box 535434
Atlanta, GA 30353-6220

FP Property Restoration
c/o Paul A. Giordano
2320 First Street, Suite 1000
Fort Myers, Florida 33901-2904

First Insurance Funding Inc.
450 Skokie Blvd Ste 100
Northbrook, IL 60062-7917

Florida Department of Financial Services
c/o Christopher Lunny, Esquire
Radey Law Firm
P.O. Box 10967
Tallahassee, Florida 32302-2967

Florida Department of Financial Services
Attn: Compliance Section
PO Box 6350
Tallahassee, FL 32314-6350

Florida Office Of Insurance Regulation
c/o Shaw P. Stiller
   Chief Asst. General Counsel
200 East Gaines Street
Tallahassee, Florida 32399-4206

Florida Office of Insurance Regulation
200 East Gaines St., Rm 645.2
Tallahassee, FL 32399-4206

Frederick Silver, as P.R. of
Estate of Mary Louise Silver
Trenam Law, Lori Vaughan, Esq.
PO Box 1102
Tampa, FL 33601-1102

Geiger
c/o William M Lindeman Esq
PO Box 3506
Orlando, FL 32802-3506

HD-Supply
P. O. Box 509058
San Diego, CA 92150-9058


Hillsborough County Tax Collector
601 E Kennedy Blvd
Tampa, Fl 33602-4932

Home Depot Credit Services
PO Box 9001043
Louisville, KY 40290-1043

JOHN R. WILHELM TRUST
JAMES W. ELLIOTT, ESQ.
McIntyre Thanasides Bringgold et al.
500 E. Kennedy Blvd., Ste. 200
Tampa, Florida 33602-4936


James Stocking
330 Williamsburg Drive
Avon Lake, OH 44012-2618

Jed & Sandra Sprague
451 Heritage Dr., Apt. 920
Pompano Beach FL 33060-7776

Jeffrey W. Warren as Examiner
c/o Bush Ross, P.A.
Attn: Jeffrey W. Warren, Esq.
PO Box 3913
Tampa, FL 33601-3913


John & Alice Falkenham
The Estates at Carpenters
1001 Carpenters Way
Apt K408
Lakeland, FL 33809-3955

John Wilhelm
2553 3rd Ave W #307
Owen Sounds Ontario N4K-6TE
CANADA

Lee & Linda Shear
5988 Ropes Drive
Cincinnatti, OH 45244-3833


Lora Vail
2144 Breaks Lane
Chuluota, FL 32766-8724

Lucianna Walker
C/O Duane Walker
10671 South West 23rd Ct.
Davie, FL 33324-6300

Manasota Flooring, Inc.
4551 N Washington Blvd
Sarasota, FL 34234-2130


Mary Boze
4100 E Fletcher Ave
Tampa, FL 33613-4864

Mary Kathleen Knox
c/o Virginia LoBosco
4 Stonewall Ct.
South Salem, NY 10590-1905

Mary Louise Silver
1625 Greenbrook Ct
Mobile, AL 36609-5209


Masterpiece Living
9000 Burma Rd., Suite 106
Palm Beach Gardens, FL 33403-1606

Muriel Upton
108 Travis Dr.
Georgetown, TX 78633-5118

Myra Bishop
2567 2nd Ave
San Diego, CA 92103-6503


National Labor Relations Board
c/o Caroline Leonard, Esq.
201 E. Kennedy Blvd., Ste. 530
Tampa, FL 33602-5824

Norma Valdes
2831 Timber Knoll Drive
Valrico, FL 33596-5665

Novum Management Group
17901 Hunting Bow Circle, #102
Lutz, FL 33558-5394


Novum Management Group, LLC
3152 Little Road, Suite 146
Trinity, FL 34655-1864

Novum Management Group, LLC
c/o Dennis J. Levine, Esq.
115 N. Westshore Blvd., Suite 400
Tampa, FL 33609

Official Committee of Resident Creditors
c/o Eric D. Jacobs
Jennis Law Firm
400 N. Ashley Dr., Ste. 2540
Tampa, FL 33602-4317


Omnicare of Florida, LP, d/b/a Omnicare of T
c/o A. Renee Decker, Esq.
Baker Donelson
100 S.E. Third Ave, Suite 1620
Fort Lauderdale, Florida 33394-0048

Robert Melvin
5103 S Everett St
Littleton, CO 80123-2107

Saroja Siddarth
3300 Darby Road, Apt. 7205
Haverford, PA 19041-7711

Seiu National Industry Pension Fund
P.O. Box 841967
Boston, MA 02284-1967

Skyline Healthcare, LLC
c/o Robert A. Soriano, esq
4830 West Kennedy Blvd
Suite 600
Tampa, FL 33609-2584

Southpoint Global Investments, LLC
c/o Richard R. Thames, Esq.
Thames Markey & Heekin, P.A.
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202-3614

State of Florida, FL Dept of Fin. Svcs.
Christopher B. Lunny Radey Law Firm
Post Office Box 10967 (32302)
301 South Bronough Street, Suite 200
Tallahassee, Florida 32301-1722

TALF, Inc.
PO Box 501188
Indianapolis, IN 46250-6188

TR & SNF, Inc.
PO Box 501188
Indianapolis, IN 46250-6188

Tampa Electric
c/o Intuition Systems, Inc.
4700 140 Ave N., Ste # 106
Clearwater, FL 33762-3847

Team Construction Services, LLC
4524 Floramar Terrace
New Port Richey, FL 34652-3316

Theresa M. Piaseczny
99 Clinton St., #108
Concord, NH 03301-2277

Thomas Allensworth
12708 Summit Street
Tampa, FL 33612-4059

Timothy Parker and Kathleen Burkholder
c/o Lori V. Vaughan, Esquire
101 East Kennedy Blvd., Suite 2700
Tampa, FL 33602-5150

US Foodservice
P.O. Box 281841
Atlanta, GA 30384-1481

USAmeriBank
c/o Edmund S. Whitson, III
201 N. Franklin St., Suite 3200
Tampa, FL 33602-5872

University Village Life Care Residents'
Protection Ad-Hoc Committee
c/o Jennis Law Firm
400 N. Ashley Dr., Suite 2540
Tampa, FL 33602-4317

Westport Nursing Tampa, LLC
c/o Michael C. Markham, Esq.
Johnson Pope Bokor Ruppel & Burns, LLP
403 E. Madison Street, Suite 400
Tampa, FL 33602-4614

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Illyce D. Mendelsohn and Ronald Greenspan,
Co-Trustees of the Bernice Greenspan
Irrevocable Trust dated August 21, 1985,
c/o Patrick M. Mosley, Hill Ward Henders
101 E Kennedy Blvd., Ste 3700, Tampa, FL

(u)University Village Life Care Residents'

End of Label Matrix
Mailable recipients    74
Bypassed recipients     2
Total                  76